UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DRITA GASHI and FLORIM GASHI, | : | CIVIL CASE NO. |
|     Plaintiffs, | : | 3:09-CV-1037 (JCH) |
| | : | |
| v. | : | |
| | : | |
| GRUBB & ELLIS PROPERTY | : | JULY 20, 2010 |
| MANAGEMENT SERVICES, INC., and | : | |
| PROSPECT GROVE CONDOMINIUM ASS'N, | : | |
|     Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (DOC. NO. 16) AND PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. NO. 25)**

**I.   INTRODUCTION**

Plaintiffs, Drita and Florim Gashi ("the Gashis"), bring this action against defendants, Grubb & Ellis Property Management Services, Inc., and Prospect Grove Condominium Association, alleging discrimination based on their familial status in violation of the Fair Housing Act ("the FHA"), 42 U.S.C. § 3601 et seq., in accordance with 28 U.S.C. §§ 1331, 1343 (a)(4) and 42 U.S.C. § 3613.  The Gashis allege that the defendants' policies have a disproportionate impact on families with children and as such conflict with the FHA.  See Complaint (Doc. No. 1).

On January 26, 2010, the Gashis filed a First Amended Complaint ("Am. Compl.") (Doc. No. 25), setting out two counts.  Count One asserts a discrimination claim based on 42 U.S.C. § 3604(a)-(c), as well as 42 U.S.C. § 3617, and Count Two asserts a discrimination claim within 42 U.S.C. § 3604(a)-(b).  Because the Amended Complaint had not been filed, the defendants filed their Motion to Dismiss as to the original Complaint, which did not include Count Two.  Therefore, only Count One will be

addressed in this Ruling.

On December 18, 2009, defendants moved to dismiss the original Complaint on the grounds that the Gashis' claim in Count One either is barred by the applicable statute of limitations or fails to state a claim upon which relief can be granted. Defendants further allege that they were not served within the prescribed time period under the Federal Rules of Civil Procedure. See Mot. to Dismiss the Pls.' Compl. ("Mot. to Dismiss") (Doc. No. 16). For the reasons that follow, the court denies the defendants' motion.

## II.     FACTUAL BACKGROUND

The Gashis are a husband and wife who resided in a one bedroom condominium in Stamford, which they purchased in 2003. Am. Compl. at ¶ 6. Defendants are the property manager and condominium association. Id. at ¶¶ 4,5. With the birth of the Gashis' first child in September 2006, defendants sent the Gashis a letter stating that the condominium association rules did not allow more than two people per bedroom; the recent birth of the Gashis' child violated this rule. Id. at ¶ 9. The letter explained that the Gashis had to inform defendants how "they plan to rectify this situation by October 13, 2007, or they would then be subjected to a fine of $500 per month until the situation is rectified." Id. at ¶ 10. In response, the Gashis sold their condominium and vacated the unit on July 1, 2007. Id. at ¶ 14.

The Gashis assert that defendants' policy has a disproportionate impact on families with children because families with children are more likely to have three or more members. Id. at ¶ 17. The Gashis further assert that defendants have a pattern and practice of enforcing this policy against families with children, as shown in Exhibit 2

of their Amended Complaint.  Id. at ¶ 18.  Further, the Gashis maintain that defendants continue to apply the occupancy policy against families with children.  Id. at ¶ 19.

Plaintiffs brought this action on June 29, 2009, and claim that defendants have caused them severe emotional distress and economic loss as a result of their conduct and policies.  Id. at ¶ 20.  Plaintiffs seek a declaration that defendants' practices and policies are discriminatory under the FHA.  Plaintiffs also seek a permanent injunction preventing defendants from discriminating on the basis of familial status and an order directing defendants to adopt new policies consistent with the FHA.  Further, the Gashis seek compensatory and punitive damages as well as attorneys' fees, under 42 U.S.C. § 3613(c).

## III.     STANDARD OF REVIEW

In deciding this Motion to Dismiss, the court must take the allegations of the Gashis' Amended Complaint as true and construe them in a manner favorable to the plaintiffs.  Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997); McEvoy v. Spencer, 124 F.3d 92, 95 (2d Cir. 1997).  The court must draw all reasonable inferences in the plaintiffs' favor.  See, e.g., Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006); Leibowitz v. Cornell Univ., 445 F.3d 586, 591-92 (2d Cir. 2006).

The court's analysis is guided by Fed. R. Civ. P. 8(a)(2) ("Rule 8(a)(2)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has recently held that Rule 8(a)(2) "requires factual allegations sufficient 'to raise a right to relief above the speculative

level." Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This "plausibility standard" in Twombly "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

Under Rule 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Cole v. Aetna Life & Cas., 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

## IV. DISCUSSION

Defendants argue that the Gashis' case should be dismissed in its entirety.[1] Specifically, defendants argue that the Complaint was not served within the time frame prescribed by the Federal Rules of Civil Procedure. See Mot. to Dismiss at 3-4. Defendants argue that, even if the Complaint was served within the correct time frame, plaintiffs fail to state a claim upon which relief can be granted, and the Complaint therefore should be dismissed. Id. at 4-8. Lastly, even if the Complaint was served within the correct time period and plaintiffs state a claim upon which relief can be granted, the claims are time-barred by the applicable statute of limitations. Id. at 8-9.

---

[1] As noted, defendants filed a Motion to Dismiss the Complaint on December 18, 2009 (Doc. No. 16). In filing its response to Plaintiffs' Opposition, defendants urge the court to reserve judgment on the Gashis' Motion for Leave to Amend motion until the resolution of the Motion to Dismiss, primarily because the proposed amended complaint "would likely be met with a motion not dissimilar from the instant motion." See Defs.' Reply to Pls.' Br. in Opp. to Mot. to Dismiss at 2 n.1 (Doc. No. 27). However, the court grants the Motion to Amend and decides the Motion to Dismiss only as to Count One as pled in the Amended Complaint.

A.  Service of Complaint

Defendants argue that Count One should be dismissed because the Summons and Complaint were served more than 120 days from the filing of the Complaint. See Mot. to Dismiss at 3-4 (citing Fed. R. Civ. P. 4(c)(1), (m)). While defendants are correct as to the failure to timely serve, the Gashis have shown good cause for a nunc pro tunc extension of time.

Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected. See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). If the plaintiff shows "good cause for the failure" to serve, the district court "shall" grant an "appropriate" extension of time in which to serve. Fed. R. Civ. P. 4(m). In addition, district courts have discretion to permit an extension of time for service without good cause shown. See Henderson v. United States, 517 U.S. 654, 662-63 (1996) (citing Fed. R. Civ. P. 4(m) advisory committee's note). As a general matter, "[g]ood cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Moreover, an extension of time may be proper when actual notice in the absence of technical service minimizes prejudice to a defendant and where plaintiffs may face severe prejudice due to a statute of limitations issue. See Jackson v. Connecticut, 244 F.R.D. 144, 146 (D. Conn. 2007).

In this case, plaintiffs did not effect service on defendants until 123 days after the Complaint was filed. Defendants assert that the court must dismiss the Complaint for failure of service within 120 days. Fed. R. Civ. P. 4(m). The deadline for service was

October 27, 2009, and defendants were not served until October 28, 2009, and October 30, 2009. See Mot. to Dismiss at 4.

The court finds that the Gashis have shown good cause for an extension of time for service of three days to encompass the date of actual service. The papers were put in the hands of the state Marshall before the period expired, but service was not made due to a misnaming of one defendant and the failure to serve by the Marshall of the other. Further, there is no prejudice to the defendants. The extension is granted, and the Motion to Dismiss, as to service of process, is denied.

B. Failure to State a Claim Upon Which Relief Can Be Granted

Even if the Summons and Complaint were served correctly, defendants argue that Count One should nonetheless be dismissed for failure to state a claim upon which relief can be granted. See Mot. to Dismiss at 4-8. The Gashis, however, maintain they have supported their allegations with more than mere conclusory legal allegations.

In Count One, the Gashis bring a discrimination action against defendants for denying them specific housing, for imposing different terms and conditions on them than are imposed on other couples living in the condominium association, making discriminatory statements, and interfering with the Gashis' right to fair housing, all based on their familial status. Under the FHA, discrimination may be established either by a showing of disparate treatment, disparate impact, or failure to make a reasonable accommodation.[2] See Teamsters v. United States, 431 U.S. 324, 335-36 n.15 (1977).

---

[2] Though "failure to make a reasonable accommodation" is a theory available to establish discrimination, the Gashis do not advance this theory in any of their papers. Therefore the defendants' argument as to this theory is moot. See Mot. to Dismiss at 7. (Doc. No. 27).

Further, the FHA is to be given "generous construction."  See Trafficante v. Metro Life Ins. Co., 409 U.S. 205, 209, 211-12 (1972).

The Gashis assert in Count One of their Amended Complaint that, upon the birth of their son, defendants sent a letter to the Gashis asking them to vacate the unit or face a $500 per month fine.  The Gashis provide, as Exhibit One to their Amended Complaint, an October 13, 2006, letter from defendants to the Gashis which details the violation, including the Gashis' violation of the City of Stamford fire code.  See Letter from Rosemarie D. Bodur, Assistant Prop. Manager, Grubb & Ellis Mgmt. Servs., Inc., to Drita Berisha (Oct. 13, 2006), Ex. 1 to Am. Compl.  The Gashis further contend that, upon being "shocked and stunned" by the letter and the policy, the family sold their home and vacated the unit on July 1, 2007.  Am. Compl. at ¶¶ 13-14.  Third, the Gashis assert that, as a result of the need to vacate, the family was "forced to purchase a less affordable and less desirable dwelling to house their family." Id. at ¶ 15.  Defendants challenge these allegations as insufficient.

In the Amended Complaint, the Gashis have identified the policy and actions they believe violate the FHA and have put defendants on notice of such, as required under Rule 8(a).  See id. at ¶¶ 21-23.  The issue, then, is whether the Gashis have offered "factual allegations sufficient 'to raise a right to relief above the speculative level'" with respect to whether defendants discriminated against them based on their familial status under the FHA.  Boykin, 521 F.3d at 213 (citations omitted).  Plaintiffs may establish a case of housing discrimination by showing that: 1) they are members of a protected class; 2) they sought and were qualified to rent or purchase the housing; 3) they were rejected; and 4) the housing opportunity remained available to other renters

or purchasers. See Robinson, 610 F.2d at 1038. Here, the Gashis are members of a protected class; they were qualified for the unit; they were denied the unit; and defendants continued to make housing available to couples without children. At this pleadings stage, the Gashis do not have to prove the elements of discrimination. They do have to assert factual allegations which can plausibly tend to prove the above four factors, which they have done.

Moreover, under the theory of disparate treatment, a plaintiff can establish a prima facie case by showing that "animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those whom the decision-makers were knowingly responsive." United States v. Yonkers Bd. of Educ., 837 F.2d 1181,1226 (2d Cir. 1987). Here, the Gashis have asserted, in their Amended Complaint, that they are members of a protected class because they have a child. Am. Compl. at ¶ 8. Further, the Gashis allege that they were compliant with "all applicable zoning, building and fire codes." Id. at ¶ 12. Moreover, the Gashis assert that, when defendants learned of the birth of the Gashis' child, defendants made the unit unavailable to the family, ordering them to vacate or face $500 per month fines. Id. at ¶ 10. By identifying defendants' conduct and policy that allegedly violates the FHA, the pleadings are sufficient to state a plausible claim of discrimination for disparate treatment.

Further, the Gashis contend that defendants' policy and treatment of families has a "disproportionate impact on families with children because . . . [they] are more likely to have three or more members." See id. at ¶ 17. Though defendants maintain that, because the policy is applied uniformly, it cannot cause a disparate impact, case

law suggests otherwise. Disparate impact is present when "a facially neutral policy actually or predictably leads to under-representation of families with children in the housing relative to the general population." Meyer v. Bear Rd. Assocs., 124 Fed. App'x 686, 688 (2d Cir. 2005) (citing Hack v. President & Fellows of Yale Coll., 237 F.3d 81, 90-91 (2d Cir. 2000), abrogated on other grounds by Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). To establish a prima facie case under this theory, a plaintiff must show: "1) the occurrence of certain outwardly neutral practices, and 2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." Reg'l Econ. Cmty. Action Program v. City of Middletown, 294 F.3d 35, 53 (2d Cir. 2002); Gamble v. City of Escondido, 104 F.3d 300, 306 (9th Cir. 1997). Here, the Gashis have alleged facts sufficient to make a plausible claim that the policy authored and enforced by the defendants is "outwardly neutral" and that this policy has had a "disproportionate impact" on the Gashis in light of their familial status. Considering the factual allegations, the Gashis have offered facts sufficient "to raise a right to relief above the speculative level" and have sufficiently pled a claim in Count One for discrimination under the FHA. See Boykin, 521 F.3d at 213. The Motion to Dismiss is denied with respect to defendants' failure to state a claim argument.

    C.    Statute of Limitations

Lastly, defendants argue that Count One should be dismissed as barred by the applicable statute of limitations. See Mot. to Dismiss at 8 (citing FHA's two year statute of limitations). The Gashis' claim is not time-barred because it falls under the "continuing liability theory" recognized in discrimination cases.

A court must construe a plaintiff's complaint liberally and draw all reasonable inferences in favor of the plaintiff. Fernandez, 471 F.3d at 51. However, in the context of a motion to dismiss based on a statute of limitations, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (reversing in part district court's dismissal of claim because claim was not clearly barred by applicable statute of limitations). To require anything more from plaintiffs in their pleading would be unfair, "for the statute of limitations is an affirmative defense under Rule 8(c) . . . that [plaintiff's] pleading need not have anticipated." Id. (citing Overall v. Estate of Klotz, 52 F.3d 398, 403 (2d Cir. 1995)).

In this case, the Amended Complaint does not "clearly show . . . that the complaint is out of time." Id. Defendants argue that the Amended Complaint alleges that the discrimination, if any, took place "upon receipt of the letter dated October 13, 2006." See Mot. to Dismiss at 8-9. The court disagrees. The defendants pinpoint the day in which the letter was received by plaintiffs as October 13, 2006. They contend that this was the lone act of discrimination against the Gashis and that the time to bring a claim ended on October 14, 2008.[3] Id. at 9. The Gashis argue that, in filing their Complaint on June 29, 2009, they were within the two-year limitations period as the time did not start to run until the day the family vacated the unit, on July 1, 2007. Accordingly, the Gashis argue their claims were timely filed within two years of "the last asserted occurrence of [the discriminatory] practice." Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982).

---

[3] October 13, 2008 fell on a holiday weekend

To establish a continuing violation, the Gashis "'must allege that a discriminatory act occurred or that a discriminatory policy existed' within the period prescribed by the statute." Johnson v. Gen. Elec., 840 F.2d 132, 137 (1st Cir. 1988) (quoting Velazquez v. Chardon, 736 F.2d 831, 833 (1st Cir. 1984)).  Where a plaintiff, pursuant to the FHA, challenges as violative of the Act not just one incident of conduct, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within two years of the last asserted occurrence of that practice.  See Havens Realty Corp., 455 U.S. at 380.

The Gashis' suit is timely filed within two years of the last asserted occurrence of discrimination, July 1, 2007, the date which the unit was vacated.  Further, because the Gashis cannot reside in a one bedroom unit in Prospect Grove, under defendants' policy, the discrimination is still ongoing.  The Complaint was timely filed.  The Motion to Dismiss is denied with respect to Count One.

## V. CONCLUSION

Plaintiffs' Motion to Amend (Doc. No. 25) is granted.  Defendants' Motion to Dismiss (Doc. No. 16) is denied with respect to Count One of the Amended Complaint.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 20th day of July 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge